# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Alexis Orth, | Case No. 2:21-cv-4083-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Kontane Logistics, Inc. and Hire Dynamics Skilled Staffing, LLC, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 21) recommending that Defendant Kontane Logistics, Inc. ("Kontane")'s motion to dismiss be granted (Dkt. No. 11). For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's claims against Kontane without prejudice.

## I. Background

This is an employment discrimination case in which Plaintiff brings claims against Defendants Kontane and Hire Dynamics Skilled Staffing, LLC ("Hire") alleging violations of the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq. ("ADA").

On February 9, 2022, Kontane moved to dismiss Plaintiff's complaint. (Dkt. Nos. 11, 14). Plaintiff opposes. (Dkt. Nos. 13, 15).

On March 28, 2022, the Magistrate Judge issued an R&R recommending that the complaint be dismissed against Kontane without prejudice for failure to exhaust administrative remedies. (Dkt. No. 21).

Plaintiff filed objections to the R&R, (Dkt. No. 23), to which Kontane filed a reply, (Dkt. No. 25).

## II. Legal Standards

### a. Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A claim survives the motion if the complaint provides enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This is a test of the legal sufficiency of the complaint and, therefore, Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Instead, the district court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. (internal quotation marks and citation omitted). For that analysis, the district court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"; however, it must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### b. Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which

specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the R&R is reviewed de novo.

### III.  Discussion

As explained in detail in the R&R, Plaintiff alleges in her complaint that she was wrongfully terminated on October 27, 2020. Plaintiff alleges she filed a charge of employment-based discrimination based on disability, pregnancy, and sex/gender discrimination with the Equal Opportunity Commission ("EEOC") and subsequently received a notification of right to sue on September 21, 2021 as to both defendants. *See* (Dkt. No. 1 ¶ 2). In briefing, however, Plaintiff clarifies that the EEOC required her to file separate charges of discrimination against Kontane and Hire and that, as to Kontane, she has not received a right to sue letter. (Dkt. No. 13 at 2-3). Specifically, Plaintiff filed a charge against Kontane on January 29, 2021 with the EEOC which was received on February 1, 2021. (Dkt. No. 11-1). The EEOC then transferred Plaintiff's charge against Kontane to the South Carolina Human Affairs Commission ("SCHAC") on December 28, 2021. (Dkt. No. 11-3). About a week *prior* to this transfer, Plaintiff filed suit in this Court. (Dkt. No. 1). On February 9, 2022, at Plaintiff's request, SCHAC issued Plaintiff a right to sue letter for proceeding in state court against Kontane. (Dkt. No. 13-1) (stating "Notice of Right to Sue" was issued at "your request" and further noting that more than 180 days had expired since the filing of Plaintiff's charge); *Oroujian v. Delfin Grp. USA LLC*, 57 F. Supp. 3d 544, 549 n.4 (D.S.C. 2014)

(noting a plaintiff's ability to sue for discrimination in state court operates on "a different timetable for exhaustion of remedies prior to the filing of a lawsuit"). It is against this context that the Magistrate Judge issued the R&R recommending that Plaintiff's claims against Kontane be dismissed without prejudice for failure to exhaust administrative remedies.

The Court finds that the Magistrate Judge ably addressed the issues and correctly found that this action must be dismissed as against Kontane due to Plaintiff's failure to administratively exhaust her claims. As correctly noted in the R&R, and contrary to Plaintiff's conclusory arguments and objections otherwise, case law from this circuit holds that a right to sue letter from the SCHAC cannot be treated as the equivalent of a right to sue letter from the EEOC for purposes of exhaustion of administrative remedies, or that, generally, a plaintiff is not required to request and receive a right to sue letter from the EEOC under the circumstances present here prior to initiation of a federal suit. *See Walls v. Dillon Cty. Det. Ctr.*, No. 4:13-2551-RBH, 2015 WL 11425231, at *2 & n2 (D.S.C. Mar. 14, 2015) (dismissing Title VII claim at summary judgment stage where plaintiff received a right to sue letter from SCHAC but did not request or receive a right to sue letter from the EEOC), *aff'd* 612 F. App'x 696 (4th Cir. 2015), *cert. denied* 577 U.S. 1083 (2016). In her objections, (Dkt. No. 23 at 3), Plaintiff rehashes her argument that a right to sue letter from the SCHAC is the equivalent of a right to sue letter from the EEOC—a contention that the Magistrate Judge correctly rejected. *See Walls*, 2015 WL 1142531, at *4 (noting that "[c]ourts outside the Ninth Circuit . . . including at least one district court within the Fourth Circuit, have held that receipt of a state agency notice—or the filing of a charge with the EEOC without receiving a right-to-sue letter—is not enough" and string citing cases to this effect); *Saylor v. Delaware Dept. of Health and Social Services,* 569 F.Supp.2d 420, 423 (D. Del. 2008) ("Plaintiff has not presented this court with a valid EEOC Right to Sue letter or even mentioned the EEOC;

consequently, the court finds that Plaintiff has failed to adequately exhaust all administrative remedies."); *Canty v. Wackenhut Corrections Corp.,* 255 F.Supp.2d 113, 116–17 (E.D.N.Y. 2003) ("[W]hile the complaint alleges that a grievance was filed with the EEOC, it does not state that Canty obtained a right-to-sue letter. Thus, she has not demonstrated that she has exhausted her administrative remedies.").

Plaintiff further objects that, contrary to the Magistrate Judge's finding in the R&R, Plaintiff has requested a right to sue letter from the EEOC and has thus properly exhausted her claims against Kontane. (Dkt. No. 23 at 4); *see Harris v. Garrett*, C/A No. 5:15-00606-FL, 2016 WL 11430731, at *3 (E.D.N.C. June 28, 2016) ("Because he not only requested such a letter but also because, at this juncture, he is entitled to one, any omission in failing to allege receipt of a right to sue letter or to attach it to the complaint is a deficiency that cannot be attributed to Harris. Consequently, these claims are not subject to dismissal for failure to exhaust administrative remedies."), *report and recommendation adopted as modified*, C/A No. 5:15-00606-FL, 2016 WL 5372783 (E.D.N.C. Sept. 26, 2016); R&R, (Dkt. No. 21 at 13) ("Plaintiff offers . . . no argument as to why she has not or could not request a right to sue letter from the EEOC, as she did with SCHAC."). To this effect Plaintiff cites the affidavit of Jennifer Gravelle, Plaintiff's counsel's paralegal. (Dkt. No. 23-4) (stating, for example, that another individual, "Emily H. Tong, Esq. attempted to contact the EEOC by phone (and was similarly unsuccessful) and also sent an e-mail to Omayra Padilla, the Director of the EEOC's Savannah Branch, requesting a Right to Sue"). As Kontane notes, however, Gravelle's affidavit is largely composed of hearsay, (Dkt. No. 25 at 5),

and the Court declines to consider it. *See Angelini v. Baltimore Police Dep't.*, 464 F. Supp. 3d 756, 782 (D. Md. 2020).[1]

## IV.    Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 21) as the order of Court, grants Kontane's motion to dismiss (Dkt. No. 11), and dismisses Plaintiff's claims against Kontane without prejudice.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 15, 2022
Charleston, South Carolina

---

[1] If and when Plaintiff obtains a right to sue letter from the EEOC, the Court will carefully consider a timely motion by Plaintiff to amend the complaint to add Kontane as a defendant in this action.